UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NANCY MURPHY and JOSEPH MURPHY, | : | |
| | : | |
| *Plaintiffs,* | : | |
| | : | |
| v. | : | CASE NO. 3:18-1183-SRU |
| | : | |
| STUART SNYDER, DOREEN SNYDER, | : | |
| THE GREENWICH DEVELOPMENT | : | |
| GROUP, LLC and HUDSON VALLEY | : | |
| SPRAY FOAM LLC, | : | NOVEMBER 30, 2018 |
| | : | |
| *Defendants.* | | |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO CERTAIN
DEFENDANTS' MOTION [#17] FOR A MORE DEFINITE STATEMENT**

Plaintiffs Nancy Murphy and Joseph Murphy (the "Plaintiffs') hereby object to
the Motion for More Definite Statement [#17, the "Motion"] filed by Defendants
Stuart Snyder, Doreen Snyder, and The Greenwich Development Group, LLC (the
"Moving Defendants").

**BACKGROUND**

The operative complaint ("Complaint") alleges that Defendants Stuart and
Doreen Snyder (the "Snyder Defendants") engaged in a pattern and practice of hiding
assets with the intent to frustrate the Plaintiffs' efforts to collect upon a judgment.

Among other things, the Complaint alleges that bank accounts of certain
construction businesses were used by the Snyder Defendants to hide assets and pay
for their personal expenses, such as their daughter's lavish wedding, luxury
vacations, air travel, wine, seafood, boating, personal medical expenses, fees for
personal bankruptcy counsel, and luxury home furnishings. [Complaint at ¶¶ 17-27].

This conduct occurred at a time when the Snyder Defendants were debtors in a bankruptcy proceeding, and when they owed money to the Plaintiffs under a judgment. As alleged in the Complaint, "the Defendants[1] chose to use the Entity Defendants and their bank accounts as fraudulent safe havens to retain the benefits of a personally lavish lifestyle but none of the responsibility to satisfy creditors." [*Id.* at ¶ 27].

## ARGUMENT

The gist of the Motion is twofold; Plaintiff claims that: (a) Rule 9(b) requires that facts be added to the Complaint alleging dates and times of misrepresentations and transactions; and (b) Rule 12(f) requires that the Complaint be modified to allege why Doreen Snyder is liable. Neither argument should prevail.

### Rule 9(b) Issues

The Moving Defendants cite *Rombach v. Chang*, 355 F.3d 164 (2d Cir. 2004) for the proposition that the Plaintiffs were obligated to allege facts concerning dates and times of misrepresentations. *Rombach* involved representational fraud claims by shareholders against corporate officers who were alleged to have made false statements upon which the plaintiffs detrimentally relied. The harm suffered by the Plaintiffs here does not arise from misrepresentations, however, but instead asset-hiding conduct which a statute (Conn. Gen. Stat. § 52-562) deems to be fraudulent. The distinction matters. Post-*Rombach* caselaw in this district establishes that a

---

[1] The Complaint uses the collective term "Defendants" to refer to all defendants, but as discussed below the context of the Complaint makes clear that the acts were caused by the Snyder Defendants, the only individual defendants named in the Complaint.

plaintiff need not allege dates and times of misrepresentations when the gravamen of the fraud is constructive, not representational. *Carney v. Lopez*, 933 F. Supp. 2d 365, 376-77 (D. Conn. 2013); *Cendant Corp. v. Shelton*, 474 F. Supp. 2d 377, 380 (D. Conn. 2007). The misrepresentation pleading requirements of *Rombach* do not apply to this case.

*Osborne v. Mallory*, 86 F. Supp. 869 (S.D.N.Y 1949), cited by the Moving Defendants at 2, is also inapposite. It involved claims for representational fraud (under a concealment of material facts theory) under the Securities Acts of 1933 and 1934. The issue in *Osborne* was peculiar to the federal statutes involved. The court ruled that a limitations statute applicable to the '33 and '34 Acts required the plaintiff affirmatively to plead facts establishing the timeliness of the claim. *Osborne*'s ruling concerning the pleading requirements of federal securities acts has no application to the elements of the Connecticut actions alleged in the Complaint.

*First Capital Asset Mgmt. v. Satinwood, Inc.*, 385 F.3d 159, 178-80 (2d Cir. 2004), cited by the Moving Defendants at 1-2 evaluated whether a plaintiff sufficiently pleaded predicate acts of bankruptcy fraud for purposes of a RICO conspiracy. Here, the Plaintiffs do not assert claims for bankruptcy fraud or RICO, so the detailed and substantial pleading requirements applicable to the causes of action discussed in *First Capital* are inapplicable to this case.

*First Capital* defeats a key claim in the Motion, however. Contrary to the Motion's characterization of the case at page 1, *First Capital* makes clear that allegations concerning fraudulent intent may be made on information and belief -- if

3

they provide some detail (*i.e.,* the facts upon which the belief is based) and establish the requisite strong inference. *Id.* at 179-180. The Connecticut District Court set forth a similar statement of the law in the 2014 *Carney* opinion cited above, refusing to dismiss a constructive claim alleged on information and belief. *See* 933 F. Supp. 2d at 376 n.8 (*citing Stern v. Leucadia Nat. Corp.*, 844 F.2d 997, 1004 (2d Cir. 1998)).

Even though this Motion does not implicate the legal sufficiency of the Complaint (but instead whether it supplies enough detail for pleading purposes), the strong inferences of fraud from the facts alleged go well beyond what the court would have likely deemed sufficient in *First Capital*.

The plaintiffs in *First Capital* failed to establish intent for bankruptcy fraud purposes when they complained about a defendant's transfers of assets two years before the filing of a bankruptcy petition. *Id.*, 385 F.3d at 179 ("Those transfers, as well as the alleged transfers of cash from [the defendant], occurred nearly two years before [the defendant] filed for bankruptcy and before the judgments were entered against [him] that would motivate him to conceal his assets. Thus, these acts do not support the required strong inference of fraudulent intent."). Significantly, the *First Capital* court observed that if the plaintiff merely alleged pre-petition transfers occurring a year and a day before the bankruptcy filing, the complaint would "clearly" have alleged facts supporting a finding of fraudulent intent. *Id.*

Here, the Complaint alleges that the Snyder Defendants engaged in acts to conceal assets after the judgment was entered against them, and which were designed to frustrate collection of the judgment, which is exactly what Conn. Gen.

Stat. § 52-562 deems to be fraudulent. The Snyder Defendants' use of a construction business to pay for personal luxury expenses in an attempt to frustrate scrutiny and collection creates a strong inference of fraud.

The Plaintiffs have no obligation to cite with specificity every filing in the Bankruptcy Court where the Snyder Defendants failed to disclose their secret financial life, or each instance when they concealed assets through their businesses[2]. As noted above, this is not a case of representational fraud, and in cases of constructive fraud details need only be provided which are sufficient to support the requisite inference of fraudulent intent. *Carney, supra.* If the Plaintiffs were asked to cite the dates when the purportedly bankrupt and judgment-avoiding Defendants disclosed that they were paying for a luxury wedding, vacations, wine and seafood through their businesses, the answer would be simple: never. Plaintiffs have given ample notice of the types of transactions which constitute fraudulent asset-hiding, and make clear that there may be more that will be revealed during discovery. [*See., e.g.,* Complaint ¶¶ 25-29]. For pleading purposes, this is sufficient to permit the Plaintiffs to go forward. *See., e.g., United States ex rel. Chorches v. Am. Med. Response, Inc.*, 865 F.3d 71, 86 (2d Cir. 2017) (rejecting argument that False Claims Ace plaintiff was required to allege on personal knowledge "specific identified false invoices").

---

[2] Relevant transactions are set forth in hundreds of pages of bank records – far too much information to be included in a complaint.

### Rule 12(f) Issues

Turning to Rule 12(f), the Complaint clearly alleges that the Snyder Defendants (which includes Ms. Snyder) engaged in activity that creates a strong inference of fraudulent intent. Among other things Paragraphs 25 and 26 make clear that funds for personal expenditures ("[a] lavish wedding, luxury vacations, air travel, wine, seafood, boating, personal medical expenses, fees for their personal bankruptcy counsel, and luxury home furnishings") were run through businesses. Mr. and Mrs. Snyder are the only individuals named in the Complaint; reading the Complaint logically, they are the only "Defendants" that could have caused this misconduct to occur. The Complaint makes numerous references to "lifestyle" [Complaint at ¶¶ 14, 25, 27, 33], and "personal" affairs, items and expenses [*id.,* at ¶¶ 14, 25, 26, 27, 28, 29, 33, 37] – things that business entities cannot have. These allegations clearly refer to Mr. and Mrs. Snyder.

Ms. Snyder is free to place at issue whether she (or just her husband) engaged in the personal misconduct alleged in the Complaint. She may, for example, make the implausible claim that she has no idea how her family financed her daughter's lavish wedding while she and co-defendant Stuart Snyder were in the midst of a bankruptcy proceeding[3]. She cannot, however, plausibly claim that the Complaint fails to allege that she herself engaged in this fraudulent misconduct. If the Moving Defendants want more details about the bank records and other evidence of misconduct alleged

---

[3] Plaintiffs do not concede that such an argument would be sufficient.

in the Complaint, they can seek it through discovery. The Plaintiffs also intend to seek such details from the Defendants, as noted in Paragraph 29 of the Complaint.

That said, if the Court believes that the Complaint would be clearer if it specified when the term "Defendants" was meant to apply only to individual, as opposed to entity, defendants, the Plaintiffs will agree to amend promptly the Complaint, it being understood that such amendment is for purposes of clarity and will relate back to the original filing of the Complaint.

## **CONCLUSION**

Plaintiffs respectfully submit that the Complaint need not be amended to comply with Rules 9(b) or 12(f). If, however, the Court reaches a contrary conclusion, the Plaintiffs respectfully request the opportunity to amend promptly the complaint to address any deficiencies identified by the Court.

Respectfully submitted,

THE PLAINTIFFS

By:    Garrett S. Flynn, Esq. (#ct22071)
**LAW OFFICES OF GARRETT S. FLYNN, LLC**
10 North Main Street, Suite 221
West Hartford, CT  06107
 (860) 676-3148
gsf@flynn-law.com

Their Attorney

## CERTIFICATE OF SERVICE

This is to certify that I caused the foregoing and any attachments hereto to be filed in the Court's CMECF system, which automatically sends a copy on the date hereof to the counsel of record for the defendants against which default is sought.

I have also caused a copy of the foregoing to be served by postage prepaid first-class United States mail to the last known address of defendant Hudson Valley Spray Foam, LLC, as follows:

Hudson Valley Spray Foam, LLC
c/o Ethan Levy, Registered Agent
250 South Van Brunt Street, Unit #1
Englewood, NJ  07631

_____
Garrett S. Flynn, Esq