UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOSEPH J. MURPHY, ET AL., | ) | NO. 3:18-cv-01183 (SRU) |
| Plaintiffs, | ) | |
| Vs. | ) | |
| STUART SNYDER, ET AL., | ) | |
| Defendants | ) | February 5, 2019 |

**ANSWER AND AFFIRMATIVE DEFENSES**

Defendants Stuart Snyder, Doreen Snyder, and Greenwich Development Group, LLC ("GDG") (collectively, the "Defendants") hereby answer Plaintiff's complaint as follows:

1. Defendants admit the allegations contained in paragraph 1.

2. Defendants admit the allegations contained in paragraph 2.

3. Defendants admit the allegations contained in paragraph 3.

4. Defendants lack knowledge sufficient to respond to the allegations contained in Paragraph 4 and leave Plaintiffs to their proof.

5. The allegations contained in paragraph 5 call for a legal conclusion and are not susceptible to a response. To the extent a response is required, Defendants deny same.

6. The allegations contained in paragraph 6 call for a legal conclusion and are not susceptible to a response. To the extent an response is required, Defendants deny same.

7. Defendants admit the allegations contained in paragraph 7.

8. Defendants admit the allegations contained in paragraph 8.

9. As to the allegations contained in paragraph 9, Defendants Stuart Snyder and GDG admit that he discussed an investment opportunity with Plaintiff Joseph Murphy on or around 2005, but is without sufficient information to respond to the allegation that "This was of interest to the Plaintiffs because, in light of Joseph's recent retirement from the New York City Fire Department, Joseph wanted to make sure he had saved enough money for his children's college and for retirement." They deny the remaining allegations. Defendant Doreen Snyder lacks knowledge sufficient to respond to these allegations and leaves Plaintiffs to their proof.

10. Defendants GDG and Stuart Snyder admit the allegations contained in paragraph 10. Defendant Doreen Snyder lacks knowledge sufficient to respond to these allegations and leaves Plaintiffs to their proof.

11. As to the allegations contained in paragraph 11, Defendants GDG and Stuart Snyder deny that Plaintiffs transferred $375,000 to the account of a limited liability company controlled by him, but is without sufficient information to respond to the allegation that "These funds were comprised of an inheritance Nancy received and a mortgage obtained against the Murphy's home" and leaves Plaintiff to their proof. They deny the remaining allegations. Defendant Doreen Snyder lacks knowledge sufficient to respond to these allegations and leaves Plaintiffs to their proof.

12. As to the allegations contained in paragraph 12, Defendants GDG and Stuart Snyder admit that the Plaintiff Joseph Murphy inquired after Plaintiffs' investments. They deny the remaining allegations. Defendant Doreen Snyder lacks knowledge sufficient to respond to these allegations and leaves Plaintiffs to their proof.

13. As to the allegations contained in paragraph 13, Defendants admit that Plaintiffs commenced the civil action against them referenced in these allegations and deny the remaining allegations.

14. As to the allegations contained in paragraph 14, Defendants admit that they appeared in the civil action and filed an answer, and deny the remaining allegations.

15. As to the allegations contained in paragraph 15, Defendants admit that the district court entered judgment against them in September of 2014 based on defaults rendered due to discovery compliance issues, but lack knowledge sufficient to respond to the remaining allegations and leave Plaintiffs to their proof.

16. Defendants admit the allegations contained in paragraph 16.

17. As to the allegations contained in paragraph 17, Defendants are without sufficient information to respond to the allegation that "The Plaintiffs noticed a deposition for the Defendants to testify about their assets. The Defendants failed to appear." Defendants admit the remaining allegations.

18. Defendants admit the allegations contained in paragraph 18, although same judgment is currently on appeal.

19. Defendants lack knowledge sufficient to respond to the allegations contained in Paragraph 19 and leave Plaintiffs to their proof.

20. As to the allegations contained in paragraph 20 of the Complaint, Defendants admit that Plaintiffs caused a subpoena to be served upon the wedding planner. Defendants lack knowledge sufficient to respond to the remaining allegations of this paragraph and leave Plaintiffs to their proof.

21.     As to the allegations contained in paragraph 21 of the Complaint, Defendants admit that they filed a motion to quash the subpoena based in part on grounds it would cause embarrassment, and that Plaintiffs successful opposed same. Defendants deny the remaining allegations.

22.     As to the allegations contained in paragraph 22 of the Complaint, Defendants admit that Plaintiffs issued a subpoena to Chase Bank.  Defendants lack knowledge sufficient to respond to the remaining allegations and leave Plaintiffs to their proof.

23.     Defendants lack knowledge sufficient to respond to the allegations contained in Paragraph 23 and leave Plaintiffs to their proof.

24.     As to the allegations contained in paragraph 24 of Plaintiffs' complaint, Defendants admits that GDG is a company engaged in home construction and renovation, that GDG is completely controlled by Defendant Stuart Snyder, and that GDG is engaged in business.  Defendants GDG and Stuart Snyder admit that HVSF was engaged in the business of home insulation, and deny the remaining allegations contained in paragraph 24.  Defendant Doreen Snyder lacks knowledge sufficient to respond to the remaining allegations of this paragraph and leave Plaintiffs to their proof.

25.     Defendants deny the allegations contained in paragraph 25.

26.     As to the allegations contained in paragraph 26 of Plaintiffs' complaint, Defendants GDG and Stuart Snyder admit that (but not during the pendency of his bankruptcy case while same was pending as a Chapter 11) GDG paid for certain of his personal expenses that are characterized as his personal income for tax purposes. Defendants GDG and Stuart Snyder deny the remaining allegations contained in

paragraph 26.  Defendant Doreen Snyder lacks knowledge sufficient to respond to the remaining allegations and leave Plaintiffs to their proof.

27. Defendants deny the allegations contained in paragraph 27.

28. Defendants deny the allegations contained in paragraph 28.

29. Defendants deny the allegations contained in paragraph 29.

30. Defendants deny the allegations contained in paragraph 30.

31. As to the allegations contained in paragraph 31 of Plaintiffs' complaint, Defendants admit that Plaintiff holds a valid judgment but do not concede the nondischargeable status of same, which is currently on appeal.  Defendants deny the remaining allegations contained in paragraph 31.

32. Defendants deny the allegations contained in paragraph 32.

33. Defendants deny the allegations contained in paragraph 33.

34. Defendants deny the allegations contained in paragraph 34.

34. Defendants deny the allegations contained in paragraph 34.

35. Defendants deny the allegations contained in paragraph 35.

36. Defendants deny the allegations contained in paragraph 36.

37. Defendants deny the allegations contained in paragraph 37.

38. Defendants deny the allegations contained in paragraph 38.

39. Defendants deny the allegations contained in paragraph 39.

40. Defendants deny the allegations contained in paragraph 40.

41. Defendants deny the allegations contained in paragraph 41.

**AFFIRMATIVE DEFENSES – AS TO ALL COUNTS**

**FIRST AFFIRMATIVE DEFENSE**

1. Plaintiff fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

2. Plaintiff lacks standing to assert its claims.

**DEFENDANTS STUART SNYDER, DOREEN SNYDER, AND GREENWICH DEVELOPMENT GROUP, LLC**

_____/s/_____
Scott M. Charmoy, Esq.   CT 15889
Charmoy & Charmoy
1700 Post Road, Suite C-9
Fairfield, CT 06824-0804
(203) 255-8100
scottcharmoy@charmoy.com

**CERTIFICATION**

I hereby certify that on the above date, a copy of the foregoing was filed electronically and served on all parties/counsel of record by operation of the Court's electronic CM/ECF system.

_____/s/_____
Scott M. Charmoy